**Geoffrey W. Castello**

Kelley Drye & Warren LLP
3 World Trade Center
175 Greenwich Street
New York, NY 10007

Tel: (973) 503-5922
Fax: (973) 503-5950
gcastello@kelleydrye.com

April 6, 2026

**Via ECF**

Hon. Dale E. Ho, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re: *Beatty v. Quincy Bioscience Holding Co., Inc., et al.*,
No. 1:25-cv-00727-DEH-VF (S.D.N.Y.)

Your Honor:

Following the Court's Order dated March 23, 2026, denying Defendants' Motion to Dismiss and directing the Parties to submit a proposed Case Management Plan and Scheduling Order within 14 days (Dkt. 48), the Parties met and conferred on multiple occasions to discuss a proposed case schedule. The Parties largely agreed on a proposed schedule, as referenced in the filed Civil Case Management Plan and Scheduling Order (Dkt. 49.) However, the Parties disagreed on two key points: bifurcation of individual and class issues, and whether expert discovery should take place before or after class certification.

To provide the Court with an efficient means to resolve the Parties' differences, Defendants proposed on their meet-and-confer call on April 3, 2026 that that the parties submit a joint letter to the Court with their respective positions on the above issues and proposed deadlines. Despite initially signaling agreement with this procedure, Plaintiff emailed this afternoon "declining [Defendants'] proposal to submit a joint letter concerning the discovery and scheduling modifications Defendants seek," asserting, without elaboration, that "[a] joint letter under the circumstances would be prejudicial, so Plaintiff is unable to agree to that."

Defendants respectfully submit that bifurcation of individual and class issues is appropriate in this case. The allegations contained in Plaintiff's Amended Complaint attempts to piggy-back off of evidence and testimony developed in *FTC v. Quincy Bioscience*, No. 1:17-cv-00124-LLS (S.D.N.Y.) (the "FTC/NYAG Action"). Plaintiff alleges that the New York Attorney General's inability to obtain monetary relief in that case after a jury trial provides her with grounds to obtain that relief on behalf of a class. In denying Defendants' Motion to Dismiss, the Court found it premature to weigh that evidence and evaluate the merits of the FTC/NYAG Action at the pleading stage, finding that those arguments "are for later stages of litigation." (Dkt. 48, at 4.)

Because core issues at the heart of Plaintiff's claim could not be resolved, Defendants respectfully submit that it would be more efficient for the Court for the Parties to conduct discovery based on Plaintiff's individual claim. Such discovery would be limited to the FTC/NYAG Action, including the jury's verdict finding that six of the eight challenged statements did not violate the GBL, and any facts and defenses applicable to Plaintiff, including her interpretation of the challenged statements, her alleged purchases of the products in New York, and whether she experienced any side effects, as alleged. Given the Court's finding that it could not resolve these issues at the pleading stage, Defendants respectfully submit that the Court should be provided the opportunity to resolve these issues in the context of a summary judgment motion without requiring costly class discovery, which would be rendered wasteful if Plaintiff cannot meet her burden of proof on her individual claim.

Defendants therefore propose the following schedule, which they submit is consistent with the Court's preference for having dates certain for each stage of discovery:

| **Deadline** | **Date** |
|---|---|
| Initial Disclosures | April 8, 2026 |
| Initial RFPs | April 24, 2026 |
| Interrogatories (LR 33.3) | April 24, 2026 |
| Interrogatories (other) | 30 days before close of discovery |
| RFAs | 30 days before close of discovery |
| End of Fact Discovery on Individual Claim | August 3, 2026 |
| L/D to serve affirmative experts | September 2, 2026 |
| L/D to serve rebuttal reports | October 16, 2026 |
| End of Expert Discovery | December 4, 2026 |
| L/D for Defendants' MSJ on Individual Claim | January 15, 2027 |
| MSJ Opposition | March 1, 2027 |
| MSJ Reply | March 31, 2027 |
| Class Discovery | Parties shall meet and confer for schedule after MSJ order |

Should the Court wish to hear more from the Parties on this issue, however, Defendants would welcome a conference with the Court to discuss further.

Respectfully submitted,

KELLEY DRYE & WARREN LLP

By: */s/ Geoffrey W. Castello*

Geoffrey W. Castello
Jaclyn M. Metzinger
Glenn T. Graham
Caitlin R. Hickey
Gregory T. Berman
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
gcastello@kelleydrye.com
jmetzinger@kelleydrye.com
ggraham@kelleydrye.com
chickey@kelleydrye.com
gberman@kelleydrye.com

*Counsel for Defendants Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc. d/b/a Sugar River Supplements, and Quincy Bioscience Manufacturing, LLC*

cc: All Counsel of Record (via ECF)