**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA BEATTY, on behalf of herself and others similarly situated, <br><br>     Plaintiff, <br><br> v. <br><br> QUINCY BIOSCIENCE HOLDING CO., INC., QUINCY BIOSCIENCE, LLC, PREVAGEN, INC. d/b/a SUGAR RIVER SUPPLEMENTS, and QUINCY BIOSCIENCE MANUFACTURING, LLC <br><br>     Defendants. | Case No.  1:25-cv-00727-DEH-VF <br><br> **STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL AND SENSITIVE PERSONAL INFORMATION** |

The Court enters this protective order pursuant to Fed. R. Civ. P. 26(c) and 5.2(e).

## I.    DEFINITIONS

    A.    "Plaintiff" means Plaintiff Donna Beatty.

    B.    "Defendants" shall mean Quincy Bioscience Holding Company, Inc., Quincy Bioscience, LLC, Prevagen, Inc., and Quincy Bioscience Manufacturing, LLC, either individually or collectively as the case may be.

    C.    "Party" or "Parties" shall mean the Plaintiff and Defendants, either individually or collectively as the case may be.

    D.    "Confidential Material" means any material, including documents and testimony, that: (1) contains information that is not known to be in the public domain such as trade secrets, confidential commercial or financial information, or confidential research and development information; and (2) in the good faith judgment of the party designating the material as

1

confidential, reasonably would cause specific or cognizable harm if disclosed publicly or to unauthorized persons.

E.       "Confidential – AEO Material" means any material, including documents and testimony, that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the Producing Party.

F.       "Sensitive Personal Information" means any (1) Social Security number; (2) sensitive health-related data including medical records; (3) biometric identifier; or (4) any one or more of the following when combined with an individual's name, address, or phone number: (a) date of birth, (b) driver's license or other state identification number, or a foreign equivalent, (c) military identification number, (d) passport number, (e) financial institution account number, (f) credit or debit card number; or (5) other sensitive information relating to an individual entitled to confidential status under applicable law or by order of this Court.

G.       "Protected Material" refers collectively to Confidential Material, Confidential – AEO Material, and Sensitive Personal Information, collectively.

H.       "Producing Party" means the Party or non-party producing or designating Protected Material in connection with depositions, document production, or otherwise.

I.       "Receiving Party" means the Party receiving Protected Material in connection with depositions, document production, or otherwise.

## II.      DESIGNATING PROTECTED MATERIAL

A.       If a Producing Party has a good faith belief that material, documents, or items required to be produced in discovery contain Confidential Material or Sensitive Personal Information, and that good cause exists to overcome the presumption of public access to such

2

material, documents, and items obtained in pretrial discovery, the Producing Party must designate such material, documents, or items, or portions thereof, as "CONFIDENTIAL."

B.      If a Producing Party has a good faith belief that material, documents, or items required to be produced in discovery contain Confidential – AEO Material, and that good cause exists to overcome the presumption of public access to such material, documents, and items obtained in pretrial discovery, the Producing Party must designate such material, documents, or items, or portions thereof, as "CONFIDENTIAL – AEO."

C.      For deposition transcripts, the Producing Party must identify the specific pages and line numbers that contain Protected Material within 14 calendar days of receipt of the final transcript, which period may be altered by written agreement of the Parties. All deposition transcripts shall be treated as CONFIDENTIAL – AEO Material until 14 calendar days after receipt of the final transcript or until the agreed-upon altered deadline for making confidentiality designations under this paragraph, and no individual attending such a deposition shall disclose the contents of the deposition to anyone who is not entitled to receive such CONFIDENTIAL – AEO information until this period has expired. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL or CONFIDENTIAL – AEO, all Parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and shall limit disclosure of that transcript in accordance with the terms of this Order.

D.      The Producing Party must designate as CONFIDENTIAL or CONFIDENTIAL – AEO only those materials, documents, or items that contain Protected Material. Mass or indiscriminate designation of material, documents, or items as Protected Material is prohibited. If any Party wishes to file a document on the public docket that contains material that has been designated as CONFIDENTIAL or CONFIDENTIAL – AEO, the Parties shall confer in good

3

4914-5456-3742v.1

faith regarding the portions of the document that qualify for protection under this Order and shall file the document either in redacted form if the Protected Material is not at issue or, alternatively, under seal if the Protected Material is at issue.

### III.    INADVERTENT FAILURE TO DESIGNATE PROTECTED MATERIAL

A.    An inadvertent failure to designate Protected Material prior to disclosure does not preclude a subsequent designation, but a Receiving Party's prior disclosure of newly designated Protected Material shall not violate this Order. In the event of subsequent designation of Protected Material after disclosure, the Parties shall cooperate to protect such material from future dissemination or public access.

### IV.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

A.    Any Party receiving Protected Material may challenge the Producing Party's confidentiality designation by sending the Producing Party a written objection that identifies by bates range or other comparable indicator the specific documents for which the confidentiality designation is being challenged and that sets forth the objecting Party's basis for why the material is not confidential.

B.    Within 7 days of a written objection to the designation of Confidential Material, the Producing Party and the objecting Party must meet and confer in good faith to resolve the objection.

C.    If the Producing Party and the objecting Party are unable to resolve the dispute, the Producing Party must follow the procedures set forth in Local Rule 37.2 to obtain a protective order to uphold the confidentiality designation within 7 days of the meet and confer. The Parties may agree in writing to participate in additional meet and confer sessions and, if they do, the deadline to seek a protective order will be extended until 7 days after any such meet and

4

4914-5456-3742v.1

confer session during which the Parties agree that they are at an impasse and that no additional conferences will be productive. Failure to seek a protective order within 7 days of the final meet and confer terminates confidential treatment for the material.

D. The burden of establishing that the confidentiality designation is proper is on the Producing Party.

E. The document or information that is subject to dispute under this Section IV shall be treated as originally designated pending resolution of the dispute.

**V.    PERMITTED DISCLOSURES OF PROTECTED MATERIAL**

A. Confidential Material or Sensitive Personal Information may be disclosed only to:

1. the Parties, their counsel, and employees of the foregoing;

2. experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation, provided that they sign Exhibit 1;

3. secretarial, clerical, duplicating and data personnel of the foregoing experts, consultants, contractors, or other persons retained by the Parties or their counsel to assist in this litigation;

4. the Court and court personnel;

5. any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of the foregoing;

6. any person (and his or her counsel) who had prior access to the Confidential Material or Sensitive Personal Information or participated in a communication that is the subject of the Confidential Material or Sensitive Personal Information;

4914-5456-3742v.1

7.      any deponent may be shown or examined on any information, document or thing designated as CONFIDENTIAL if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the Producing Party consents to such disclosure (and such consent shall not be unreasonably withheld);

8.      any other persons or entities as required by law or as authorized by this Court or as agreed to by the Parties.

B.      Materials produced and marked as CONFIDENTIAL – AEO may be disclosed only to:

1.      Plaintiff's counsel and employees of such counsel;

2.      Defendants' counsel and employees of such counsel;

3.      experts, consultants, contractors, or other persons consulted or retained by the Parties or their counsel to assist in this litigation, provided that they sign Exhibit 1;

4.      secretarial, clerical, duplicating and data personnel of the foregoing experts, consultants, contractors, or other persons retained by the Parties or their counsel to assist in this litigation;

5.      the Court and court personnel;

6.      any officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of the foregoing;

7.      any person (and his or her counsel) who had prior access to the Confidential – AEO Material or participated in a communication that is the subject of the Confidential – AEO Material;

6

8.      any deponent may be shown or examined on any information, document or thing designated as CONFIDENTIAL – AEO if it appears that the deponent authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the Producing Party consents to such disclosure (and such consent shall not be unreasonably withheld);

9.      any other persons or entities as required by law or as authorized by this Court or as agreed to by the Parties.

C.      Any person receiving Protected Material shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

## VI.      USE OF CONFIDENTIAL OR CONFIDENTIAL – AEO MATERIAL IN LITIGATION

A.      A party seeking to file Confidential Material or Confidential – AEO Material publicly on the docket of any action either must redact such material before filing or must seek leave to file the material under seal in compliance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions and any other governing rule or order of the Court concerning sealing, unless the Producing Party consents to the public filing of such material or the Court orders that such material may be filed publicly.

B.      If the need arises during any hearing or trial in this Action for any Party to disclose Confidential Material or Confidential – AEO Material, it may do so only after giving notice to the Producing Party and as directed by the Court. Any Confidential Material or Confidential – AEO Material offered into evidence and retained by the Court shall not retain its status as Confidential Material or Confidential – AEO Material under this Order unless the Court directs that such information be sealed.

4914-5456-3742v.1

**VII.      USE OF SENSITIVE PERSONAL INFORMATION IN LITIGATION**

No Party may publicly disclose any Sensitive Personal Information without prior approval of this Court. A Party seeking to file Sensitive Personal Information publicly on the docket of any action must redact such information before filing, unless the Sensitive Personal Information is relevant and necessary for the Court's understanding of the issues presented. In such circumstances, a Party must seek leave to file any unredacted Sensitive Personal Information under seal in compliance with Section 6 of the Southern District of New York's Electronic Case Filing Rules & Instructions and any other governing rule or order of the Court concerning sealing.

**VIII.      INADVERTENT PRODUCTION OR USE OF PRIVILEGED INFORMATION**

A.      If information subject to a claim of attorney-client privilege, attorney work product immunity, or other legal privilege protecting information from discovery is inadvertently produced in any way, such production shall not constitute a waiver (subject matter or otherwise) of any claim of privilege, work product immunity, or other ground for withholding production to which the producing party, third party, or  other person otherwise would be entitled.  The protections afforded inadvertent production herein shall be at least those provided in Federal Rule of Civil Procedure 26(b)(5)(B) and/or Federal Rule of Evidence 502.

B.      If a claim of inadvertent production of privileged information is made by a Producing Party, the Receiving Party shall:

1.      immediately upon receipt of the claim not make any further copies, reproductions, or transcriptions of the inadvertently disclosed information or document; if the inadvertent disclosure is discovered during a deposition, the claim for inadvertent production

8

4914-5456-3742v.1

may be made orally and, upon such oral claim, all copies of the requested document physically at the deposition must be immediately returned at the deposition; and

2.      within 5 calendar days of receipt of the claim of inadvertent production of privileged information, destroy, sequester, or return to the Producing Party every original and every copy, reproduction, or transcription of all such inadvertently produced information or documents possessed by the receiving party and by those persons to whom the receiving party may have disclosed such information.

C.      Recognizing the need for the Parties to prepare for their cases based on the discovery that is produced, if any information, documents, or thing is used openly in the case, e.g. at a court hearing, in a deposition, as an exhibit to a motion, or is referenced in an expert report or pretrial order, any claim of inadvertent production based on privilege must be made within 2 weeks after such use.

D.      Nothing herein shall prevent a Receiving Party from challenging the propriety of the attorney-client privilege, work product immunity, or other privilege designation, or from presenting the information to the Court under seal for a determination of the privilege claim through a written challenge to the Court.  The Receiving Party must preserve the challenged documents or information as CONFIDENTIAL – AEO Material until the claim is resolved.

E.      A Party is not required to log any privileged and/or work product protected document on a privilege log if such document was created on or after the date of the Complaint in the Action.

## IX.      TREATMENT OF PROTECTED MATERIAL AFTER LITIGATION

Within 60 days of final resolution of all claims asserted in this action, including any appeal, all Parties, experts, contractors, consultants, or other persons retained by any party to

4914-5456-3742v.1

assist in this litigation, as well as any witness or non-party, must destroy or return all Protected Material they obtained during the course of the litigation, except as follows:

    A.     Producing Parties may maintain copies of all of their own Protected Material.

    B.     Counsel may retain copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of the Protective Order.

This Order continues to govern Protected Material after the conclusion of the case, absent further order of the Court.

SO ORDERED,

Dated:   April 20, 2026

                                Hon. Valerie Figueredo
                                United States Magistrate Judge

4914-5456-3742v.1

**EXHIBIT 1**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DONNA BEATTY, on behalf of herself and others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>QUINCY BIOSCIENCE HOLDING CO., INC., QUINCY BIOSCIENCE, LLC, PREVAGEN, INC. d/b/a SUGAR RIVER SUPPLEMENTS, and QUINCY BIOSCIENCE MANUFACTURING, LLC<br><br>         Defendants. | Case No.  1:25-cv-00727-DEH-VF |

**ACKNOWLEDGEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____, acknowledge that I have been provided with a copy of the Protective Order entered in this action, I have reviewed it and understand its terms, and I agree to be bound by its terms and be subject to the jurisdiction of this Court in all matters relating to the Protective Order.

I will treat all Protected Material, as defined in the Protective Order, strictly in accordance with the terms set forth in the Protective Order.  I will not share Protected Material with any unauthorized individual or entities, other than my counsel.  I acknowledge that any unauthorized use or disclosure of such materials by me may constitute contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

11

4914-5456-3742v.1

Date: _____

_____
Signature

_____
Print Name

4914-5456-3742v.1